

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 10, 2023

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. David Jenkins*, 16 Cr. 391 (JMF)

Dear Judge Furman:

    The Government respectfully submits this letter motion to request permission to file under seal Exhibit A to the Government's response to defendant David Jenkins's compassionate release motion. Exhibit A is a collection of the David Jenkins's medical testing and treatment records obtained from the Bureau of Prisons. (The Government will transmit an electronic of Exhibit A to Chambers by email.) The records include personal identifying information in addition to extensive documentation of tests, treatments, clinical visits, and medications Jenkins has received over a period of years.

    Although Exhibit A is a judicial document subject to a common law presumption of public access, *see, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), any weight accorded to that presumption is overcome by the specific privacy interest David Jenkins has in his detailed medical records. *See, e.g.*, *United States v. Ortega*, 2023 WL 2752160, at *3 (S.D.N.Y. March 31, 2023) ("[T]he Court agrees that Ortega's actual medical records, submitted by both Ortega and the Government can and should remain under seal in their entirety."). Here the weight of the presumption of public access to the medical records is modest because the details of the records are likely to play a limited and perhaps negligible role in the Court's exercise of its Article III judicial power, while the significance of the records to Jenkins is specific and accords with societal expectations about the handling of detailed medical information. Accepting Exhibit A under seal would preserve the higher privacy values attendant to the medical information

contained in Exhibit A and, because only Exhibit A would be sealed, the sealing would be narrowly tailored to achieve its purpose. *See Brown v. Maxwell*, 929 F.3d 41, 48-49 (2d Cir. 2019).

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____
Andrew Thomas
Assistant United States Attorney
(212) 637-2106

Application GRANTED.  The Clerk of Court is directed to terminate ECF No. 194.

SO ORDERED.

April 11, 2023