```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                :
UNITED STATES OF AMERICA,                       :
                                                :   16-CR-391-1 (JMF)
                -v-                             :
                                                :   MEMORANDUM
DAVID JENKINS,                                  :   OPINION AND ORDER
                                                :
                        Defendant.              :
                                                :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Defendant David Jenkins was convicted, following a guilty plea, of mail and wire fraud conspiracy and aggravated identity theft based on his leadership, from prison, of a scheme to defraud jewelry merchants of valuable merchandise through the use of counterfeit checks or other fictitious payment. On January 25, 2018, the Court sentenced Jenkins principally to 111 months' imprisonment, to run consecutive to an undischarged state sentence. *See* ECF No. 181. In doing so, the Court underscored the "many reasons" for a "substantial sentence," including "the nature and seriousness of the offense, the defendant's leadership role in it, the fact that he committed it while incarcerated, and . . . his truly egregious criminal history." ECF No. 182 ("Tr."), at 20-21. The Court went so far as to describe Jenkins as "a craven man" and "irredeemable," *id.* at 21-22, and noted that it was "not willing to take any sort of chance on [him]. . . . The benefit of the doubt at this point . . . has to go to incapacitation," *id.* at 22. Addressing Jenkins, the Court observed that "you will not see the light of day until close to the age of 70, and I would hope that by that time the threat that you pose to the public would largely have disappeared, but perhaps I am being overly optimistic even in saying that." *Id.* at 23.

Proceeding without counsel, Jenkins now moves, pursuant to 18 U.S.C. § 3582(c)(1)(A), for compassionate release. *See* ECF No. 191 ("Def.'s Mem."). Section 3582 provides that the Court "may reduce" a defendant's term of imprisonment "if it finds" (1) "that . . . extraordinary

and compelling reasons warrant such a reduction" *and* (2) that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Brooker*, 976 F.3d 228, 233-37 (2d Cir. 2020).[1] Here, Jenkins contends that there are at least three "extraordinary and compelling reasons" justifying his early release: (1) "an extensive history of mental conditions"; (2) "myriad physical ailments," including thrombosis and fibrosis; and (3) "harsher and more punitive" prison conditions that he has endured as a result of COVID-19. Def.'s Mem. 3-4 (internal quotation marks omitted). Upon review of the parties' motion papers, Jenkins's motion is denied.

As an initial matter, the Court is skeptical of Jenkins's argument that there are "extraordinary and compelling reasons" warranting a reduction of his sentence. In the Court's view, Jenkins's current mental and physical ailments, even taken together, likely do not rise to that level. Notably, he himself concedes in reply that he is "not asking that mental health alone be considered an extraordinary and compelling reason for a reduction in sentence" and that "his physical condition is not life-threatening." ECF No. 198 ("Def.'s Reply"), at 3. As for COVID-19, "the conditions of confinement due to COVID-19 are far better than they were in 2020 or even 2021, and [Jenkins] fails to establish that the risks to him personally are substantially heightened." *United States v. Morales*, No. 12-CR-445-2 (JMF), 2022 WL 17326195, at *1 (S.D.N.Y. Nov. 29, 2022) (internal quotation marks and citation omitted). Thus, it is doubtful that Jenkins's three proposed reasons, individually or together, rise to the level of "extraordinary and compelling reasons" within the meaning of the statute.[2]

---

[1] Where, as here, a defendant himself moves for compassionate release, the statute also imposes a mandatory exhaustion requirement, *see* 18 U.S.C. § 3582(c)(1)(A), which Jenkins has satisfied. *See* Def.'s Mem. 2-3; ECF No. 193 ("Gov't Mem."), at 3-4.

[2] That view is supported by the United States Sentencing Commission's proposed amendment to U.S.S.G. § 1B1.13, which "expands the list of specified extraordinary and

Ultimately, however, the Court need not and does not decide whether there are "extraordinary and compelling reasons" warranting a sentence reduction because the Court concludes that, even if there were, a reduction would not be "consistent with" the Section 3553(a) factors. *See, e.g.*, *United States v. Jones*, 17 F.4th 371, 374 & n.3 (2d Cir. 2021) (noting that "a district court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release" (internal quotation marks omitted)) (citing cases). The Court carefully considered the Section 3553(a) factors at sentencing and concluded that they called for the sentence that was imposed — at the top of the applicable Sentencing Guidelines range. Notably, Jenkins's own lawyer conceded at sentencing that "[i]ncarceration, probation, parole don't seem to make a difference" for Jenkins and that Jenkins "is not capable, or so it appears, of conforming his conduct to the law with the tools and resources that courts normally employ." Tr. 13. In light of the totality of the circumstances, Jenkins's sentence was well deserved and amply warranted, and it still is. If anything, Jenkins is likely to serve a significantly shorter sentence than the Court (and counsel) envisioned, as he is "poised to benefit from the First Step Act" and is slated for transfer to home detention in 2025 and for release in 2026 — approximately a decade earlier than the Court anticipated. Gov't Mem. 3, 7; *see* Tr. 14 (counsel observing that, "[e]ven at the bottom of the guideline range, . . . he is not going to be released until 2032, if run consecutively"); *id.* at 23 ("THE COURT: The bottom line is that you will not see the light of day until close to the age of 70, and I would hope that by that time the threat that you pose to the public would largely have disappeared, but perhaps I am being overly optimistic even in saying that."). Put simply, as "commendable" (and

---

compelling reasons . . . to better account for and reflect the plain language of section 3582(c)(1)(A), its legislative history, and decisions by courts made in the absence of a binding policy statement." U.S. Sentencing Commission, Amendments to the Sentencing Guidelines 3 (April 27, 2023), available at https://www.ussc.gov/. The proposed amendment is obviously not binding on the Court, but it provides helpful guidance. Measured against the proposed amendment, Jenkins's arguments almost certainly fall short.

unanticipated) as Jenkins's "recent efforts to pursue self-improvement" since sentencing may be, Gov't Mem. 6, a reduction of his sentence would not be consistent with the Section 3553(a) factors. Accordingly, Jenkins's motion is DENIED.

The Clerk of Court is directed to terminate ECF No. 191 and to mail a copy of this Memorandum Opinion and Order to:

>David Leroy Jenkins
>Register No. 30493-044
>FCI Coleman Low
>P.O. Box 1031
>Coleman, FL  33521

SO ORDERED.

Dated: May 16, 2023
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

4