UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

    Plaintiff,

v.                                Case No.: 1:16-cr-391-1(JMF)

David Jenkins,

    Defendant.

_____/

## MOTION REQUESTING MODIFICATION OF SUPERVISED RELEASE CONDITIONS

David Jenkins proceeding pro se, respectfully requests this court modify the terms of his supervised release. Specifically, that his district of supervision be changed. See 18 U.S.C. § 3583.

### I. Background

In 2016, Jenkins was convicted in this court on attempt and conspiracy to commit mail fraud and wire fraud. See Dkt. 181 at 1. Relevant here, Jenkins was given five years of supervised release. Id. at 3.

### II. The Request

Jenkins has no ties to New York. And this court directed that he "shall be supervised by the district of residence." Dkt. 181 at 5. As such, Jenkins requests that additional supervised release term #5 be modified to state that his district of residence be the District of Arizona, so Jenkins may release and live with his brother.

### III. Legal Argument

18 U.S.C. § 3585(e) permits this court to "modify ... the conditions of supervised release[] at any time prior to the expiration or termination of the term of supervised relase." See also United States v. Murdock, 735 F.3d 106, 111 (2d Cir. 2013).

"Supervised release fulfills rehabilitative ends," which are "distinct from those served by incarceration." United States v. Kunz, 68 F.4th 748 *13 (2d Cir. 2023). Moreover, supervised release is not meant to me a "part of the punishment." United States v. Aldeen, 792 F.3d 247, 252 (2d Cir. 2015).

Upon release, Jenkins will stay with his brother, Danny Jenkins, at 4537 East Running Deer Trail, Cave Creek, Arizona, 85331. Being able to stay with Danny will help Jenkins re-enter society more smoothly, and will provide him opportunities for employment and education.

Wherefore, Jenkins respectfully requests that his Judgment and Commitment be amended , to reflect that his release district, as per the terms of supervised release, be the District of Arizona.

Respectfully submitted/1 by David Jenkins on this 15 day of February, 2024:

Defendant's motion is denied as premature since he is still incarcerated and not due to be released until 2026. Furthermore, according to the Probation Department, this issue can and presumably will be addressed by the Defendant's BOP Case Manager in due course. The Clerk of Court is directed to terminate ECF No. 200 and to mail a copy of this endorsed document to Defendant at the address to the right. SO ORDERED.

*[signature]*
February 26, 2024

David Jenkins
Reg. No.: 30493-044
Federal Correctional Complex
Unit A-1 (Low Custody)
P.O. Box 1031
Coleman, FL 33521-1031

## CERTIFICATE OF SERVICE

This motion was delivered to the prison mailing authorities on the same day as signed, and placed inside a postage-prepaid, properly addressed envelope. The original motion was delivered via United States First Class Mail to the United States District Court for the Southern District of New York, Office of the Clerk at 500 Pearl Street, New York, New York, 10007. A copy of this motion was delivered via United States First Class Mail to counsel for the United States, at One Saint Andrews Plaza, New York, New York, 10007.

David Jenkins

## VERIFICATION

Under penalty of perjury pursuant to 28 U.S.C. § 1746, I hereby declare that the factual allegations and factual statements contained in this motion are true and correct to the best of my knowledge.

David Jenkins

---

1/ Pursuant to Johnson v. Avery, 393 U.S. 483 (1969), I received assistance from a fellow inmate with the preparation and filing of this motion.

-3-